UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLI ANN GRABOW,

        Plaintiff,

vs.                                                                    Case No. 12-10105

COUNTY OF MACOMB,                                   HON. AVERN COHN

        Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING
PLAINTIFF'S MOTION TO AMEND COMPLAINT (Doc. 11)[1]**

**I.  Introduction**

This is a 42 U.S.C. § 1983 case.  Plaintiff Kelli Ann Grabow (Grabow) is the personal representative of the estate of Kristina Prochnow (Prochnow) and is suing the County of Macomb (County) for denying Grabow medical treatment while she was an inmate at the Macomb County Jail.  Grabow committed suicide in her cell.  The complaint is in two counts: (1) denial of medical treatment for serious medical needs, and (2) intentional infliction of emotional distress.

Now before the Court is Grabow's motion to amend the complaint (Doc. 11).  For the reasons that follow, the motion will be granted.

**II. Background**

The facts as alleged in Grabow's complaint follow.

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument.  <u>See</u> Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

On Saturday, August 13, 2011, Prochnow was arrested for a domestic violence dispute and transported to the Macomb County Jail. Based on her dependence on anti-psychotic medication and her prior stints in jail, Prochnow was assessed as a "high risk" inmate for self-destructive behavior, including suicide. On Monday, August 15, 2011, Prochnow appeared in Macomb County Circuit Court, where a judge sentenced her to time served. After the arraignment, Prochnow was returned to the jail and placed in a holding cell. Prochnow began screaming constantly and banging her head against walls and doors. Instead of transferring her to the hospital, Prochnow was placed in "lockdown." The County's employees did not remove her bed sheets, blankets, shoe strings, and other items that could be used to commit suicide. Further, the County's employees did not closely monitor Prochnow, i.e. "suicide watch." Later, Prochnow was found unresponsive in her cell, hanging from a bed sheet. She was taken to Mt. Clemens Regional Medical Center and placed on a ventilator. Two days later, on Wednesday, August 17, 2011, Prochnow died from her injuries.

### III.  Standard of Review

#### A. Fed. R. Civ. P. 15

Fed. R. Civ. P. 15(a)(2) allows a party to amend its complaint after a responsive pleading has been filed, with written consent of the opposing party or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15 states that leave "shall be freely given" when the underlying facts would support a claim, grounds for denying a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by

2

amendments previously allowed, lack of notice to the opposing party, prejudice to the opposing party, and futility of the amendment.  Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005).

The decision whether to permit an amendment is committed to the discretion of the trial court.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980).  This discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits," rather than the technicalities of pleadings.  Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted); Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982)).  When denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent."  Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986).  Delay to the other party, standing alone, is not enough to bar the amendment if the other party is not prejudiced.  Id. (citation omitted).  However, the Sixth Circuit has recognized that "allowing an amendment after the close of discovery creates significant prejudice.  Duggins v. Steak "N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (citing Moore, 780 F.2d at 560).

Moreover, proper grounds to deny a motion to amend exist if the amendment would be futile.  Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  Riverview Health Inst., LLC v. Med. Mut. of Ohio, 601 F.3d 505 (6th Cir. 2010) (citation and internal quotations omitted).

3

**B. Fed. R. Civ. P. 21**

Fed. R. Civ. P. 21 states that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  The Sixth Circuit has yet to decide whether Rule 21 or Rule 15 control when an amendment seeks to add parties to a lawsuit.  <u>Broyles v. Corr. Med. Servs.</u>, No. 08-1638, 2009 WL 3154241 (6th Cir., Jan. 23, 2009).  Nonetheless, the standard is the same.  <u>Kunin v. Costco Wholesale Corp.</u>, No. 10-11456, 2011 WL 6090132, at *2 (E.D. Mich., Dec. 7, 2011) (citation omitted).  "Rules 15 and 21 allow amendment of pleadings 'when justice so requires' and 'on just terms.' "  <u>Id.</u> (citing Fed. R. Civ. P. 15 and 21).

**IV. Discussion**

**A.**

After conducting limited discovery, Grabow's amended complaint seeks to include additional factual allegations, counts, and parties.  Essentially, the amended complaint is more complete.  The original complaint lists only the County as a defendant.  The amended complaint adds the County's employees, who were ascertained during discovery.  Moreover, two new counts are added: (1) failure to train/supervise and (2) gross negligence/intentional, willful, and wanton conduct.

The County does not oppose the addition of the federal claim, but says that the existing and proposed state-law claims should not be permitted.  Specifically, the County says the state-law claims are futile.

**B.**

Here, the original complaint was filed on January 10, 2012.  The County answered

on March 12, 2012.  The Court set a discovery deadline date of September 3, 2012.
Grabow filed the motion to amend on August 1, 2012, over a month before the discovery
deadline.  Given that leave to amend should be freely granted when justice requires, and
the absence of any prejudicial factors to the County, the Court will allow Grabow to amend
the complaint.  The amended complaint is based upon the same underlying facts alleged
in the original complaint.  After conducting discovery, Grabow learned the specific County
employees who may be liable, and was able to clarify facts that were in the County's
possession at the time the complaint was filed.  Thus, the amended complaint adds two
new legal theories.  Justice requires the Court to grant Grabow's motion.

### C.

The County's response to Grabow's motion to amend is that the Court should not
exercise supplemental jurisdiction over the state-law claims.

Section 1367(a) states that,

> Except as provided in subsections (b) and (c) or as expressly
> provided otherwise by Federal statute, in any civil action of
> which the district courts have original jurisdiction, the district
> courts shall have supplemental jurisdiction over all other claims
> that are so related to claims in the action within such original
> jurisdiction that they form part of the same case or controversy
> under Article III of the United States Constitution.  Such
> supplemental jurisdiction shall include claims that involve the
> joinder or intervention of additional parties.

28 U.S.C. § 1367.  District courts have discretion to exercise supplemental jurisdiction.
Pinney Dock & Transp. Co. V. Penn Cent. Corp., 196 F.3d 617, 620 (6th Cir. 1999).
Section 1367 "reflects the understanding that, when deciding whether to exercise
supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at
every stage of the litigation, the values of judicial economy, convenience, fairness, and

5

comity.' " City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 172-73 (citation omitted). The facts surrounding the state claim need only be loosely connected to the federal claim to form part of the same case or controversy. Blakely v. United States, 267 F.3d 853, 862 (6th Cir. 2002) (citation omitted).

Here, the Court has original jurisdiction over Grabow's § 1983 claims. See 28 U.S.C. § 1331. The remaining state-law claims arise out of the same events as the § 1983 claims. Contrary to the County's position, allowing the claims to remain together will not present procedural and substantive problems. Each claim is interrelated to the alleged mistreatment of Prochnow while she was an inmate at Macomb County Jail, and the treatment of her family after she died. Exercising supplemental jurisdiction is judicially economical and does not conflict with comity interests.

## V. Conclusion

Accordingly, for the reasons stated above, Grabow's motion is GRANTED. Supplemental jurisdiction over the state-law claims is warranted because they are intimately related to the alleged § 1983 violation.

SO ORDERED.


Dated:  September 28, 2012             S/Avern Cohn_____
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 28, 2012, by electronic and/or ordinary mail.

                                       S/Julie Owens_____
                                       Case Manager, (313) 234-5160

6