UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLI ANN GRABOW, Individually and
as Personal Representative of the Estate
of KRISTINA PROCHNOW, deceased,

    Plaintiff,

v.                                                           Case No. 12-10105

COUNTY OF MACOMB and AMY FRANKS,        HON. AVERN COHN

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION TO
REVIEW CLERK'S ACTION RE: BILL OF COSTS (Doc 81)**

**I.**

This is a tragic 42 U.S.C. § 1983 prisoner-suicide case. Plaintiff Kelli Ann Grabow (plaintiff), as the personal representative of the estate of Kristina Prochnow (Prochnow), sued the defendants for denying Prochnow medical treatment and failing to prevent her suicide at the Macomb County Jail. Multiple defendants settled with plaintiff. *See* (Doc. 72, Sealed Order Approving Partial Settlement). On October 29, 2013, the Court granted summary judgment to the remaining defendants, the County of Macomb (the County) and Amy Franks, f/k/a Amy White (Franks), a deputy sheriff in the Macomb County Sheriff's Department (collectively, defendants). Defendants filed a bill of costs for court reporter/transcript fees in the amount of $7,059.30. (Doc. 77, Defs'. Bill of Costs). The Clerk of the Court denied costs for the following reason: "Court reporter fees are not taxable as no court-reporter receipts/invoices for the deposition transcripts were provided."

(Doc. 78 at 2, Taxed Bill of Cost).

Plaintiff subsequently filed a notice of appeal of the Court's decision granting summary judgment to defendants. (Doc. 79, Notice of Appeal).

Now before the Court is Defendants, Amy Franks And The County Of Macomb's Motion To Review Clerk's Action Re: Bill Of Costs (Doc. 81). Defendants seek court reporter fees in the amount of $7,059.30 and have attached to the motion the supporting receipts/invoices for the deposition transcripts detailed in the bill of costs. Plaintiff has not objected to the amount requested or filed a response to the motion. The time period for filing a response has passed. The motion is GRANTED IN PART and DENIED IN PART. Costs are taxed in the amount of $2,570.10.

**II.**

Under the local rules, a party seeking costs must file a Bill of Costs no later than 28 days after entry of judgment. E.D. Mich. LR 54.1. The Eastern District of Michigan Bill of Costs Handbook provides that "**[i]t is counsel's responsibility** to attach documentation to support the claims made as exhibits. Documentation may include receipts. . . Counsel must ensure that any receipts are self-explanatory. . . ." E.D. Mich. Bill of Costs Handbook, I.C. (emphasis in original). The handbook also provides that transcripts used in support of a motion which are necessarily obtained for use in the case are taxable costs. *Id.*, II.B.1.d.

**III.**

Here, defendants' bill of costs is in three categories. First, defendants request court reporter/transcript fees for the following:

Depositions of Amy Franks, Beverly Puchovan, Michele Mason, Brittany Baumgart, Michelle Sanborn, Kelli Grabow, Jessica Prochnow, Tanya Richardson, Nicholas D'Aquila, Anthony Wickersham, Charles Medley (2 Part Deposition) were cited in the

2

Macomb Defendants' dispositive motion pleadings [DKT 62, 63, 64, 66, 67, 71]. (Doc. 77 at 2, Bill of Costs). These court reporter/transcript fees total $3,265.10 and were used in the summary judgment papers. However, the deposition transcripts of Wickersham and Medley (totaling $695.00) were attached by plaintiff in support of plaintiff's opposition to defendants' motion for summary judgment. These are not taxable costs because they are not transcripts used in support of defendants' motion; they are transcripts that were used by plaintiff in opposition to defendants' motion. The handbook makes clear that transcripts must be used in support of a motion. E.D. Mich. Bill of Costs Handbook, II.B. Accordingly, because defendants have supplied the required invoices, costs will be taxed in the amount of $2,570.10 ($3,265.10 – $695.00) for the first category of requested court reporter/transcript fees.

Second, defendants request court reporter/transcript fees for the following:

> Depositions of Catherine Stalinski and Kelly Hedtke were cited in Plaintiff's Motion to Compel Discovery and CMS Defendants' Response. [DKT 50 and 54]

(Doc. 77 at 3, Bill of Costs). These court reporter/transcript fees total $1,306.60. As explained above, these are not taxable costs because they were not used by the Macomb County defendants in support of a motion. They were used by plaintiff and the other defendants. The Macomb County defendants are not entitled to tax these costs. Accordingly, costs will be taxed in the amount of $0 for the second category of requested court reporter/transcript fees.

Third, defendants request court reporter/transcript fees for the following:

> Depositions of Stephanie Harmon, Daniel Spitz, Sherry Bird, Carissa Beck, Tracie Teal, Bradford King, Tracy Gene Milligan, Joseph John Gorney, Jeffrey William Haase, Timothy Douglas Davis, William Douglas Hughes, Justin Locke, Teri Johnson, Kristin Shaw, Joseph Grabow were used in preparation for trial.

3

(Doc. 77 at 3, Bill of Costs). These court reporter/transcript fees total $2,364.20. However, the bill of costs handbook states that transcript used primarily for trial preparation or discovery is not taxable. E.D. Mich. Bill of Costs Handbook, II.B.2.b. Therefore, costs will be taxed in the amount of $0 for the final category of requested court reporter/transcript fees.

Defendants also seek to tax costs in the amount of $123.40 for transcripts related to Gregory Schumacher's deposition. Defendants, however, do not provide details of how Schumacher's deposition transcript was used. The bill of costs handbook states:

> If transcript was used in support of a motion, counsel is required to provide the taxation clerk with the title of the motion and the approximate date it was filed. . . Costs will be denied without the supporting documentation.

E.D. Mich. Bill of Costs Handbook, II.B. Because defendants failed to provide this supporting documentation, costs related to the Schumacher transcript will be taxed in the amount of $0.

## IV.

As stated above, subsequent to defendants' filing of the bill of costs, plaintiff filed a notice of appeal of the Court's decision granting summary judgment to defendants. This does not affect the taxed costs. The bill of costs handbook states:

> The taxation clerk will tax costs even if the case is appealed, unless a stay pending appeal has been granted by the Court. However, if all parties prefer to postpone the taxation proceeding until the conclusion of all appellate proceedings, a notice advising the Court should be filed.

E.D. Mich. Bill of Costs Handbook, I.B. Plaintiff has not asked the Court to stay costs pending appeal, nor has she provided a reason why a stay should be granted.

**V.**

For the reasons stated above, defendants' motion to review the Clerk's action was granted in part and denied in part, and costs are taxed in the amount of **$2,570.10.**

SO ORDERED.

s/Avern Cohn<br>
UNITED STATES DISTRICT JUDGE

Dated: December 17, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 17, 2013, by electronic and/or ordinary mail.

s/Carol Bethel for Sakne Chami<br>
Case Manager, (313) 234-5160